UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    Civil Case No.: 21-94

V.                                                          SECTION: T(2)

2017 LEXUS ES 350
VIN: 58ABK1GG6HU070400

2013 ROLLS ROYCE GHOST
VIN: SCA664S56DUX51926

$275,792.00 IN REGIONS BANK ACCOUNT
NUMBER 0218750184 IN THE NAME OF
INTERSTATE CONSTRUCTION
GROUP, INC.

## ORDER

Before the Court is a Motion to Dismiss Complaint filed by Richard Herbert, Jr. ("Defendant").[1] The Government has filed an opposition.[2] For the following reasons, the Motion to Dismiss is **DENIED**.

## FACTS AND PROCEDURAL HISTORY

This case involves a civil forfeiture action initiated by the United States against the property of Defendant Richard Herbert, Jr., pursuant to 18 U.S.C. §§ 981(a)(1)(C) and (D).[3] The in rem property identified by the Government includes two vehicles and $275,792.00 in funds held in a Regions Bank account.[4] The action is predicated upon allegations that the Defendant acquired the assets fraudulently through the Paycheck Protection Program, an SBA-backed loan program established under the Coronavirus Aid, Relief, and Economic Safety ("CARES") Act.[5]

---

[1] R. Doc. 5.
[2] R. Doc. 8.
[3] The Government alleges that Defendant committed wire fraud (18 U.S.C. § 1343) and bank fraud (18 U.S.C. § 1344) in obtaining the property.
[4] The specific vehicles are a 2017 Lexus ES 350, VIN: 58ABK1GG6HU070400 and a 2013 ROLLS ROYCE GHOST, VIN: SCA664S56DUX51926.
[5] *See* https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program.

1

The assets at issue were initially seized by federal agents in August 2020 upon the issuance of warrants by the Middle and Western Districts of Louisiana.[6] Defendant subsequently filed a claim in the administrative forfeiture proceeding on October 19, 2020, which led to the Government filing the instant civil forfeiture action on January 15, 2021. Defendant's Motion to Dismiss followed.[7]

In this case, Defendant avers the Government's complaint should be dismissed "due to lack of standing [on the] Government's behalf."[8] Defendant appears to base his standing argument upon his innocence, claiming that the Government's seizure was illegal because the assets "are not contraband or fruits of any illegal activity."[9] Defendant also generally references Rule 12(b)(1) and 12(b)(6) as grounds for dismissal.[10] In response, the Government also presents a standing argument, maintaining that only a claimant with standing may move to dismiss a civil forfeiture complaint.[11] The Government argues that Defendant lacks standing because of his failure to file a valid answer under Rule 8 and Supplemental Rule G.[12] Finally, the Government notes that the Complaint sufficiently sets forth the jurisdictional authority and factual allegations to establish standing for a forfeiture in rem.

---

[6] R. Doc. 5-1 at 1; R. Doc. 5-2 at 1-2.
[7] In addition, Defendant has also filed an objection to forfeiture (R. Doc. 6) and an answer to the Complaint (R. Doc. 7).
[8] R. Doc. 5 at 2.
[9] R. Doc. 5-2.
[10] R. Doc. 17 at 1
[11] R. Doc. 12-2 at 4.
[12] R. Doc. 12-2 at 2; Fed. R. Civ. P. 8(b); Supp. R. G(5)(b).

## LAW AND ANALYSIS

In a civil forfeiture proceeding, a party has 21 days to file an answer upon the filing of a valid claim.[13] A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b).[14] Civil forfeiture actions in rem are primarily governed under 18 U.S.C. § 983 and Supplemental Rule G.[15] Where Rule G does not address an issue, Supplemental Rules C and E and the Federal Rules of Civil Procedure apply.[16]

In this case, Defendant contested the forfeiture by filing a claim on March 30, 2021.[17] Fifteen days later, Defendant timely filed an answer on April 14, 2021.[18] The question here is whether Defendant's answer is sufficient to establish standing and assert a valid ownership interest in the seized property. The Court finds that Defendant has not established standing because his answer does not comply with the responsive pleading requirements of Rule 8.[19]

When responding to a complaint, an answer must state "its defenses to each claim" and must "admit or deny the allegations asserted against it."[20] When denying an allegation, the "denial must fairly respond to the substance of the allegation."[21] Reviewing the answer, Defendant's only identifiable response to the Government's substantial and detailed allegations is a general denial stating he "den[ies] all allegations and complaint of forfeiture."[22] Beyond this sentence, the pleading functions more as a motion to dismiss than an answer. While a party may generally deny

---

[13] Supp. R. G(5)(b)
[14] Supp. R. G(8)(b)(i).
[15] 18 U.S.C. § 983; Supp. R. G. Forfeiture Actions in Rem.
[16] Supp. R. G(1).
[17] R. Doc. 6.
[18] R. Doc. 7.
[19] Fed. R. Civ. P. 8. (Supplemental Rule G does not address the required contents of the answer. Thus, Fed. R. Civ. P. 8(b) applies).
[20] Fed. R. Civ. P. 8(b)(1).
[21] Fed. R. civ. P. 8(b)(2).
[22] R. Doc. 7 at 1.

all allegations of a pleading, such a denial must be made in good faith and include all aspects of the complaint, including jurisdictional grounds.[23]

Here, the Court agrees with the Government's assertion that the Defendant cannot deny in good faith allegations regarding jurisdiction, venue, and the identity of the property at issue. General denials are offered in good faith when responding to complaints unfounded in both substance and jurisdiction. Defendant may have intended to deny his wrongdoing, but he must do so specifically by responding to the substance of the complaint's numbered allegations to comply with Rule 8 and establish standing.

The Court also notes Defendant's multiple chances to amend his answer. Defendant was first put on notice regarding the deficiency of his answer on April 16, 2021, when the Government filed its first response in opposition.[24] The Government then moved to substitute its response on April 27, 2021, which the Court granted on April 28, 2021.[25] Each of those filings reference the Government's standing argument against Defendant for his failure to comply with the requirements of Rule 8. Moreover, the Court granted Defendant's motion for an extension of time to answer on April 30, 2021, ordering the answer due by May 28, 2021.[26] Defendant later filed a memorandum supporting his motion to dismiss but never filed an amended answer.[27] Thus, despite Defendant receiving notice of his answer's deficiency and the Court granting an extension of time to cure, Defendant did not make any change to his pleading. Because Defendant's answer fails to respond to the substance of the numbered allegations in the complaint, Defendant lacks standing to move for dismissal of the forfeiture proceeding under Rule 12(b).

---

[23] Fed. R. Civ. P. 8(b)(3).
[24] R. Doc. 8.
[25] R. Docs. 12, 14.
[26] R. Doc. 16.
[27] R. Doc. 17.

Furthermore, even if Defendant did have standing, both of Defendant's Rule 12 motions fail on their merits. Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[28] Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.[29] Here, subject matter jurisdiction is conferred by statute, and the Complaint offers substantial facts in support of its claim. Specifically, the Court has jurisdiction over actions initiated by the Government under 28 U.S.C. 1345, and over this action for forfeiture under 28 U.S.C. §§ 1355(a) and 2461(a), and 18 U.S.C. §§ 981(a)(1)(C) and (D).

Defendant's motion to dismiss under Rule 12(b)(6) also falls short. Rule 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[30] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[31] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings[33] and the documents attached to the complaint.[34] The Government's complaint details extensive allegations of sophisticated fraudulent activity involving numerous financial institutions, transactions, and the Defendant. Accepting these allegations as true, the Government has stated a claim to relief pursuant to federal law that is plausible.

---

[28] *See* Fed. R. Civ. P. 12(b)(1).
[29] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[30] Fed. R. Civ. P. 12(b)(6).
[31] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[33] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[34] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss is **DENIED**.[35]

New Orleans, Louisiana, this __28th__ day of June, 2021.

                                              **GREG GERARD GUIDRY**
                                              **UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. 5.